UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Andrea Keifer | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO DISMISS COMPLAINT (DKT. 13)

**I.   Introduction**

Donnel Lefridge, Jr. and Marsha Lefridge ("Plaintiffs") originally filed this action in the Riverside Superior Court against Nationstar Mortgage, LLC ("Nationstar"), Quality Loan Service Corporation ("Quality"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1-10 on August 19, 2014. Compl., Dkt. 1 Ex. A. This action was removed on September 18, 2014 pursuant to 28 U.S.C. § 1331. Dkt. 1 ¶ 3. Plaintiffs brought this action after foreclosure proceedings were initiated with respect to certain real property. Their complaint advances six causes of action: (i) wrongful foreclosure; (ii) violation of Cal. Civ. Code P. § 2924(a)(6); (iii) violation of the covenant of good faith and fair dealing; (iv) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641; (v) declaratory relief; and (vi) violation of the Cal. Bus & Prof. Code § 17200. Compl., Dkt. 1, Ex. A.

On September 25, 214, Nationstar and MERS (collectively, "Defendants") filed a motion to dismiss the complaint (the "Motion"). Dkt. 13. Plaintiffs filed an opposition (Dkt. 20) and Defendants replied (Dkt. 21). A hearing on the Motion was conducted on December 15, 2014. After the Court stated its tentative views, Plaintiffs submitted the matter for decision. The Court then addressed certain issues on the records, but stated that a written order would be issued. For the reasons set forth in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**II.   Factual Background**

On October 23, 2007, Plaintiffs signed a promissory note in the amount of $152,000 ("Note") and a security interest in the form of a Deed of Trust with respect to certain real property (the "Property"). The payee of the Note was E-Loan, Inc. Compl. ¶ 15. The Deed of Trust was recorded in Riverside County on November 27, 2007. *Id.* ¶¶ 1, 16; Request for Judicial Notice ("RJN")[1], Dkt. 13-1 Ex. 1. MERS was the

---

[1] Defendants have submitted certain public records with respect to what they contend is the loan to Plaintiff. Request for Judicial Notice ("RJN"), Dkt. 13-1 Ex. 1-5. Under Fed. R. Evid. 201, a court may take judicial notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

original beneficiary under the Deed of Trust. *Id.* ¶ 11. On May 11, 2011, MERS transferred the Deed of Trust to BAC Home Loans Servicing, LP ("BAC"). Compl. ¶ 17; RJN, Dkt. 13 Ex. 2. On May 11, 2011, BAC substituted Quality as the foreclosure trustee of Plaintiffs' Note. This instrument was recorded on May 13, 2011. Compl. ¶ 23, 24; RJN, Dkt. 13 Ex. 3. Beginning in January 2011, Plaintiffs ceased making the monthly payments due on the Note. Compl., Ex. C.

On February 25, 2013, Bank of America, N.A., as successor by merger to BAC, transferred or sold all beneficial interest in the Deed of Trust to Nationstar through a "Corporate Assignment Deed of Trust." Compl. ¶¶ 18, 19; RJN, Dkt. 13 Ex. 4. This assignment was recorded on September 6, 2013 in Riverside County. Compl. ¶ 20. On November 1, 2013, Quality, as substituted trustee, executed a Notice of Default and Election to Sell under the Deed of Trust. Compl. ¶ 25; *see* Compl., Ex. C. On June 2, 2014, Quality executed a Notice of Trustee's Sale. I Compl. ¶ 27; *see id.* Ex. D. The Property has not yet been sold.

Plaintiffs allege that the Note was sold, transferred and securitized into a "Trust." Compl. ¶ 104. Plaintiffs allege that the "Trust" consists of a pool of residential mortgage notes secured by liens on residential real estate. *Id.* ¶ 30. Plaintiff also alleges that the Note and Deed of Trust were not properly assigned to Nationstar in accordance with Nationstar's Pooling Servicing Agreement ('PSA"). *Id.* ¶ 28. Pursuant to this PSA, the Depositor agreed to deliver to the Custodian, on behalf of the Trustee, the original Note bearing all intervening endorsements prior to the Closing Date of the Trust. Such an instrument would reflect a complete chain from the originator to the last endorsee. *Id.* ¶ 36. Plaintiffs allege that the assignment of the Deed of Trust to Nationstar was not recorded until September 6, 2013, "well after the Closing Date" of the Trust. Compl. ¶ 106.

Plaintiffs allege that Nationstar has failed to perfect its security interest in the Property because it failed to prove and certify the following: (i) there was a complete and unbroken chain of endorsements of the Note and the Deed of Trust from and to each party in the securitized transaction; and (ii) it had actual physical custody of the Note and Deed of Trust showing all endorsements. *Id.* ¶ 38. Plaintiffs allege that absent such proof, Nationstar cannot demonstrate that it perfected its security interest in the Property, and that, as a result, Defendants are "estopped and precluded from asserting any secured or unsecured claim in this case." *Id.* ¶ 40. Plaintiffs allege that this conduct also violated the PSA. *Id.* ¶¶ 108-112.

Plaintiffs also allege that the security interest in Plaintiff's mortgage is invalid for the following reasons: (i) title, ownership, and interest in Plaintiffs' Note and Deed of Trust was separated; (ii) there was no assignment of the Deed of Trust when the loan was sold to each intervening entity; and (iii) the beneficial interest in the Note and Deed of Trust was not properly endorsed, assigned, or transferred to Defendants. *Id.* ¶ 41. Plaintiffs allege that this process of securitizing the Note has caused the value of the Property to decrease, which has caused Plaintiffs to lose a substantial part of the equity in the Property. *Id.* ¶ 42. Plaintiffs also allege that, "Defendants have received tender, i.e. they have been paid in full, and thus have no claim to the home." *Id.* ¶ 43.

---

"matters of public record." *Lee v. City of L.A.,* 250 F.3d 668, 689 (9th Cir. 2001).There is no objection to the request, and it is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

**III.     Analysis**

      A.     Legal Standard

           1.     Motion to Dismiss under 12(b)(6)

Under Fed. R. Civ. P. 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." A party may move to dismiss a claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint must state enough facts so that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Dismissal is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In deciding a 12(b)(6) motion, the court must assume that allegations in the challenged complaint are true and must construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). However, the court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.* 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)).

      B.     Application

           1.     Claim 1: Wrongful Foreclosure

To maintain a wrongful foreclosure claim, "a plaintiff must allege that (1) defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) plaintiff suffered prejudice or harm; and (3) plaintiff tendered the amount of the secured indebtedness or were excused from tendering." *Chavez v. Indymac Mortgage Servs.,* 219 Cal. App. 4th 1052, 1062 (2013). Plaintiffs allege that the impending foreclosure of the Property is wrongful because Defendants have failed to comply with the applicable PSA. Thus, the assignment of the Deed of Trust to Nationstar was not recorded until "well after the Closing Date" of the allegedly securitized Trust. Compl. ¶ 106. As noted, Plaintiffs allege that Defendants failed to prove and certify to all parties: (i) there was a complete and unbroken chain of endorsements of the Note and the Deed of Trust from and to each party in the securitized transaction; and (ii) it had actual physical possession of the Note and Deed of Trust after all endorsements had been completed. *Id.* ¶ 38.

Defendants contend that Plaintiffs' wrongful foreclosure claim fails because they have no standing to challenge the assignment of the Deed of Trust. Thus, Plaintiffs' claims are premised on an alleged failure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | | Date | December 22, 2014 |
|---|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | | |

to comply with the terms of the PSA, to which Plaintiffs are not parties. In addition, Defendants contend that Plaintiffs have not alleged that they have complied with the tender rule, and no exception to the tender rule applies. Finally, Defendants argue that Plaintiffs have failed to allege that they have suffered prejudice or harm in connection with the planned foreclosure proceedings.

        a)        Standing to Challenge Securitization Procedures

Defendants contend that Plaintiffs lack standing to challenge the assignment of the Deed because they are not parties to the PSA. Numerous district courts have rejected claims for improper securitization where the Plaintiff is not a party to the applicable PSA. *See, e.g., Armeni v. America's Wholesale Lender,* 2012 WL 603242, at *3 (C.D. Cal. Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA"); *Juntilla v. Aurora Loan Servs., LLC,* 2013 WL 1303820, at *3 (C.D. Cal. Mar. 28, 2013) ("debtors such as Plaintiff here are not parties to PSAs, and therefore have no standing to challenge assignments based on noncompliance with the terms of a PSA"); *Shkolnikov v. JPMorgan Chase Bank,* 2012 WL 6553988, at *13 (N.D. Cal. Dec. 14, 2012) ("The majority position is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA"); *Bascos v. Fed. Home Loan Mortgage Corp.,* 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust.").

Plaintiffs cite *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079 (2013), in support of their claim that they have standing to challenge the assignment of their loan. In *Glaski*, the court held that California law allows a borrower to challenge an assignment of his or her note and deed of trust if the defect asserted would render the assignment void. *Id.* at 1095. Thus, the issue is whether a post-closing date transfer to a securitized trust is the type of defect that would render the transfer void. In *Glaski*, the trust at issue was formed under New York law. As a result, *Glaski* determined whether the transfer was void under New York Estates, Powers, & Trusts Law, section 7-2.4. That statute provides: "If the trust is expressed in an instrument creating the estate of the trustee, every sale, conveyance or other act in contravention of the trust, except as authorized by this article and by any other provision of law is void." *Glaski* interpreted this provision based on its terms, reasoning that such a reading protected beneficiaries of the trust "from the potential adverse tax consequence of the trust losing its status as a REMIC trust under the Internal Revenue Code."[2] *Id.* at 1097.

A New York court has followed a similar approach in determining that a trustee's act of acquiring a note and accompanying mortgage after the closing date in violation of the PSA was void rather than voidable. The court relied on the fact that "[t]he acquisition of a mortgage after 90 days is not a mere technicality but a material violation of the trust's terms" because it "jeopardize[d] the trust's REMIC status." *Wells Fargo Bank, N.A. v. Erobobo*, 39 Misc. 3d 1220(A) (N.Y. Sup. Ct. 2013). Further, the terms of the PSA prohibited the trust from "tak[ing] any action that would jeopardize its REMIC status." *Id.*

Other courts have interpreted post-closing date acquisitions as voidable, rather than void. These courts

---

[2] "REMIC" stands for "Real Estate Mortgage Investment Conduit." REMIC trusts allow for the pooling of mortgage loans, and under U.S. federal tax law, REMIC trusts are not taxed at the entity level.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

have reasoned that, under New York precedent, the ultra vires acts of a trustee can be ratified. *See Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 8 (Ill. App. Ct. 2012), *citing Mooney v. Madden*, 597 N.Y.S.2d 775, 776 (1993); *Calderon v. Bank of Am. N.A.*, 2013 WL 1741951 (W.D. Tex. Apr. 23, 2013). And, where an act can be ratified, it is voidable rather than void. *See In re Birnbaum,* 117 A.D.2d 409, 503 N.Y.S.2d 451, 456 (1986); *Gregan v. Buchanan,* 15 Misc. 580, 37 N.Y.S. 83, 85 (N.Y.Sup.Ct.1896). Accordingly, "Plaintiffs, who were not parties to the PSA, do not have standing to challenge it." *Calderon*, 2013 WL 1741951 at *10. Other California district courts have rejected the post-closing date theory of invalidity. *Aniel v. GMAC Mortgage, LLC*, 2012 WL 5373388 (N.D. Cal. Oct. 30, 2012); *Altmutarreb v. Bank of New York Trust Co. N.A.*, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012).

Even if *Glaski*'s interpretation of New York law were accepted, the decision is premised on the fact that the acquiring entity was a REMIC trust. Plaintiffs have not pleaded sufficient facts to suggest that the "Trust" in this action was a REMIC trust subject to the special provisions of the Internal Revenue Code. Consequently, the allegations of the Complaint are insufficient to warrant the application of *Glaski* and do not provide the basis for standing as to the claimed deficiency resulting from the assignment of the Deed of Trust after the closing of the Trust.

Furthermore, another California Court of Appeal, in a decision that preceded *Glaski,* held that borrowers lacked standing to enforce any agreements relating to the securitization of their loan. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013). As that court explained, this lack of standing applied to "the investment trust's pooling and servicing agreement" relating to the securitization of the loan. Although the court in *Jenkins* did not address whether a post-closing date assignment was void or voidable under New York law, the court stated that "even if the asserted improper securitization ... occurred, the relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note." *Id.* Thus, "as an unrelated party to the alleged securitization," borrowers lacked standing to enforce any agreements relating to the securitization of the loan. *Id.* The court in *Glaski* did not address *Jenkins*.[3]

The majority of federal district courts that have addressed whether a borrower has standing to challenge securitization of a note by its transfer to a trust in an allegedly defective manner are in accord with *Jenkins*.[4] Further, several state and district courts, which have analyzed the effect of New York law on

---

[3] *Glaski* is also inconsistent with the decision of another California Court of Appeal, which held that, to state a claim premised on a challenge an assignment of a deed of trust, a plaintiff must allege that the purported assignment was invalid, and that the defendant did not receive an assignment of the debt "in any manner." *Fontenot v. Wells Fargo Bank, N.A*., 198 Cal. App. 4th 256, 272 (2011). That court reasoned that "assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded." For this reason, "[t]he lender could readily have assigned the promissory note to [the defendant] in an unrecorded document that was not disclosed." *Id.* Because the plaintiff failed to assert that the defendant had not received an assignment of the debt "in any manner," the court held that the plaintiff had not properly alleged a claim for wrongful foreclosure. *Id.* This case presents similar allegations. There is evidence of a chain of title from MERS to BAC to Bank of America, N.A,. to Nationstar. Plaintiffs challenge the alleged assignment to Nationstar based on alleged violations of the PSA. However, Plaintiffs do not allege that there was not an assignment of the Note "in any manner."

[4] *See, e.g., Toneman v. United States Bank*, 2013 U.S. Dist. LEXIS 98996, at *30-31 (C.D. Cal. June 14, 2013) (plaintiffs did not have standing to challenge alleged defects in the securitization process because "[e]ven if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

post-closing date acquisitions like the one at issue in *Glaski*, have concluded that such transfers are voidable rather than void. *Calderon v. Bank of Am. N.A.*, 2013 WL 1741951, at *11 (W.D. Tex. Apr. 23, 2013) (even if the transfer to the securitized trust were after the closing date of the PSA, an "after-the-deadline transaction would merely be voidable" under New York law) (*citing Mooney v. Madden*, 587 N.Y.S.2d 775 (1993)); *Bank of Am. Nat. Ass'n v. Bassman FBT, L.L.C.*, 981 N.E.2d 1, 8 (Ill. App. Ct. 2012). The rationale for these decisions has been that New York courts do not interpret literally the language of New York Estates, Powers & Trusts Law § 7-2.4. Rather, "New York courts have held that a beneficiary can ratify a trustee's ultra vires act." *Calderon*, 2013 WL 1741951, at * 11 (*citing Matter of Estate of Janes,* 659 N.Y.S.2d 165 (1997) (acknowledging that a beneficiary may ratify a trustee's ultra vires act if "the ratification was done with knowledge of material facts"); *Hine v. Huntington,* 103 N.Y.S. 535, 540 (1907) ("We have before this called attention to the fact that the cestui que trust is at perfect liberty to elect to approve an unauthorized investment and enjoy its profits, or to reject it at his option.")); *Bank of Am. Nat. Ass'n*, 981 N.E.2d at 8 (*citing Mooney*, 597 N.Y.S.2d at 776 ("A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement.")).[5]

In several more recent decisions, district courts have declined to follow *Glaski*, noting that it is "in a clear minority" on the issue of standing. *Newman v. Bank of New York Mellon*, 2013 WL 5603316 (E.D. Cal. Oct. 11, 2013); *see also Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 WL 5568737 (S.D. Cal. Oct. 3, 2013) (disagreeing with the conclusion in *Glaski* that a violation of the PSA renders a transfer void rather than voidable). One court reasoned that the interpretation in *Glaski* of New York Estates, Powers, and Trusts § 7-2.4 "would injure the parties that the statute is intended to protect" because the purpose of the relevant provisions of the PSA is to "avoid[] later challenges" to transfers into the trust, and "certificate holders would be harmed if they could not receive foreclosure proceeds because a transfer ... did not comply with [the PSA]." *Deutsche Bank Nat. Trust Co. v. Adolfo*, 2013 WL 4552407, at *3 (N.D. Ill. Aug. 28, 2013).

Having considered these competing opinions, the Court concludes that the PSA governs relationships among the trustee, the loan servicer and the depositor of the loan into the Trust. Plaintiffs were neither parties to the PSA nor beneficiaries of the Trust. Therefore, they lack standing to challenge the validity, under the terms of PSA, of the acquisition of assets by the Trust or its alleged failure to comply with other terms of the PSA. Therefore, the Motion is GRANTED with prejudice as to Plaintiffs' first cause of action.

    b)  The Tender Rule

Defendants argue that Plaintiffs do not, and cannot, allege that they have complied with California's

---

procedurally defective, any transaction through which defendants securitized their interest in the loan and deed of trust that occurred subsequent to the date [the lender] loaned money to plaintiffs does not impact plaintiffs"); *see also Armeni v. America's Wholesale Lender*, 2012 WL 253967 (C.D. Cal. Jan. 25, 2012); *Mobine v. OneWest Bank, FSB*, 2012 WL 1520116 (S.D. Cal. Apr. 27, 2012); *Bernardi v. JP Morgan Chase Bank, N.A.*, 2012 WL 2343678 (N.D. Cal. June 20, 2012).

[5] *Glaski* noted this line of authority, but reached a contrary conclusion. 218 Cal. App. 4th at 1096.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

tender rule. That rule requires that a plaintiff seeking to bar or set aside a foreclosure must allege that he offered to tender his loan obligation and was able to do so at the time the offer was made. *Karlsen v. Am. S&L* Ass'n, 15 Cal. App. 3d 112, 118 (1971). "When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009). The tender rule applies at all stages of the foreclosure proceeding – including before the foreclosure sale occurs. *Fammilop v. Wells Fargo Bank, N.A.*, 2011 WL 61614, at *3 (C.D. Cal. Jan. 4, 2011) ("[A] plaintiff is required to offer tender for the full amount owed to sustain a cause of action in regards to any aspect of the sales procedure."). Under California law the tender rule applies to "any cause of action implicitly integrated to the sale" of the plaintiff's property. *Montoya v. Countrywide Bank, F.S.B.*, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009); *see also Abdallah v. United Sav. Bank*, 3 Cal. App. 4th 1101, 1109 (1996).

Plaintiffs argue that there are four exceptions to the tender rule, and that each applies here:

> First, if the borrower's action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt. Second, a tender will not be required when the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary. In such cases, it is deemed that the tender and the counter claim offset one another, and if the offset is equal to or greater than the amount due, a tender is not required. Third, a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale. . . . Fourth, no tender will be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face.

*Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, 112-13 (2011).

Plaintiffs contend that they have disputed Defendants' claim to the underlying debt and have alleged misconduct with respect to the assignment of the Note. They also rely on their claim for a set off. They also contend that, because the proposed foreclosure would be without a legal basis, the tender rule should not be applied under principles of equity. Plaintiffs further contend that they are seeking to set aside the proposed foreclosure sale because it is void as a matter of law, rather than voidable.

These arguments are unpersuasive. The gravamen of the Complaint is that there have been procedural irregularities in the foreclosure process, not that the underlying debt is invalid. Therefore, there is no showing that the application of the tender rule would be inequitable. As to Plaintiff's assertion that the loan transactions are void under *Glaski*, that position was discussed and rejected above.

The Complaint does not assert a willingness and ability to tender the amount due, nor does it plead facts sufficient to support Plaintiffs' ability to do so. None of the exceptions to the tender rule applies. Accordingly, the tender rule bars this claim as pleaded. However, because it is possible that these issues could be addressed in an amended complaint, the tender rule is not an independent basis to grant the Motion with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

   c)  Prejudice Suffered by Plaintiff

Defendants next contend that Plaintiffs have failed to allege that they suffered prejudice or harm in connection with the foreclosure proceedings. They have been initiated because Plaintiffs defaulted on the Note. Plaintiffs respond that they have suffered prejudice because their credit ratings have been harmed and their equity in the Property has jeopardized by the initiation of the proceedings. The apparent premise of this theory is that the market value of the residence has been adversely affected by the foreclosure process. The factual allegations in the Complaint do not provide sufficient detail as to the claimed financial harm. However, once again, this is an issue that Plaintiffs may be able to remedy through an amended complaint. Therefore, it is not an independent basis to grant the Motion with prejudice.

   2.  Claim 2: California Civil Code of Procedure § 2924(a)(6)

Plaintiffs alleges a violation of Cal. Civ. Code P. § 2924(a)(6). That statute provides that

> [n]o entity shall record or cause a notice of default to be recorded or otherwise initiate foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.

Cal. Civ. Code P. §2 924(a)(6). Plaintiffs contend that Nationstar and Quality issued a Notice of Default and Notice of Trustee Sale as to the Property at a time when neither had received a cognizable, beneficial interest in the Deed of Trust. Thus, Plaintiffs claim that any transfer or assignment to one or both of these parties was defective.

The documents submitted by Defendants in their Request for Judicial Notice support the claim that the assignment of the Deed of Trust to Nationstar and Quality was valid. These documents reflect that MERS, the original beneficiary, transferred the Deed of Trust to BAC, and that documentation of this transfer was recorded on May 11, 2011. RJN, Dkt. 13 Ex. 2. BAC in turn substituted Quality as the foreclosure trustee on the Note, through an instrument that was recorded on May 13, 2011. RJN, Dkt. 13 Ex. 3. Bank of America, N.A., as successor by merger to BAC, then transferred or sold all beneficial interest in the Deed of Trust and Note to Nationstar; documentation of this transfer was recorded on September 6, 2013. RJN, Dkt. 13 Ex. 4. Thus, the public record confirms that Defendants complied with the requirements of Cal. Civ. Code P. § 2924(a)(6). Plaintiff has not contested the validity or effect of these records.

Therefore, the Motion is GRANTED with prejudice as to Plaintiffs' second cause of action.

   3.  Claim 3: Breach of the Covenant of Good Faith and Fair Dealing

"California law recognizes in every contract . . . an implied covenant of good faith and fair dealing." *Trishan Air, Inc.* 635 F.3d 422, 434 (9th Cir. 2011) (citing *Brehm v. 21st Century Ins. Co.*, 166 Cal. App. 4th 1225, 1235 (2008)). A breach of the underlying contract is not required to establish a cause of action for breach of good faith and fair dealing. *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1137 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

Cir. 1998) (citing *Carma Developers Inc. v. Marathon Dev. California, Inc.*, 2 Cal. 4th 342, 373 (1992)). However, a cause of action for breach of good faith and fair dealing cannot be established when the defendant is expressly permitted, under the terms of the underlying contract, to engage in the challenged conduct. *Solomon*, 151 F.3d at 1137.

Courts have also recognized that "the implied covenant of good faith and fair dealing may not be applied so as to supply a term on a matter as to which the contract is intentionally silent." *Dental Tech. Coll. for Handicapped, Inc. v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 881 F.2d 1083, 1083 (9th Cir. 1989); *see also Berger v. Home Depot U.S.A., Inc.*, 476 F.Supp.2d 1174, 1177 (C.D.Cal. 2007) ("The implied covenant will not apply where no express term exists on which to hinge an implied duty, and where there has been compliance with the contract's express terms."); *Young v. Facebook, Inc.*, 790 F. Supp. 2d 1110, 1117 (N.D. Cal. 2011) ("A party must take on an obligation, either expressly or impliedly, before it can be said to have acted in bad faith by not carrying it out.").

Plaintiffs allege that Defendants breached the covenant of good faith and fair dealing by: (i) denying Plaintiffs the benefits of the loan contract, "which set Plaintiffs up for certain default;" Compl. ¶ 147; (ii) acting in violation of TILA and failing to notify Plaintiffs that the Note had been sold, thereby depriving them of the opportunity to negotiate with the new creditor, *id.* ¶ 149; (iii) enforcing a contract that Defendants knew or should have known was illegal and unconscionable given the unlawful terms and conditions contained in the loan agreements and the certainty of default, *id.* ¶ 150; (iv) failing to offer Plaintiffs a reasonable loan modification that would have reduced its principal amount or the corresponding monthly payments, *id.* ¶ 151; (v) engaging in unlawful and fraudulent business practices by misrepresenting the identities of the parties with an ownership interest in the loan and authority to foreclose, *id.* ¶ 152; and (vi) commencing foreclosure proceedings without the providing documents demonstrating the lawful rights to do so. *Id.* ¶ 156.

Defendants contend that they have not breached the covenant of good faith and fair dealing because Plaintiffs have "tacitly admitted" defaulting on their loan payments in 2011. Thus, it was reasonable for Defendants to have initiated foreclosure proceedings. Defendants point out that Nationstar waited 34 months from the date Plaintiffs first defaulted before the Notice of Default was recorded.

Plaintiffs do not plead sufficient facts to support their bad faith claim. There are no factual allegations supporting Plaintiffs' contention that Defendants denied Plaintiffs the benefits of the loan contract. In addition, there are no facts asserted demonstrating that the Note or Deed of Trust was illegal or unconscionable. Nor have Plaintiffs pleaded sufficient facts regarding Defendants' alleged failure to offer a reasonable loan modification or the manner in which they violated TILA.

Because some or all of these deficiencies may be corrected, the Motion is GRANTED as to Plaintiffs' third cause of action, with leave to amend.

        4.       <u>Claim 4: Truth in Lending Act, 15 U.S.C. § 1641(g)</u>

Plaintiffs' fourth cause of action alleges a violation of Section 131 of the TILA, 15 U.S.C. § 1641(g). This section provides that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

> not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-- (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g). Plaintiffs allege that, although the Deed of Trust was transferred to Nationstar through a Corporate Assignment of Deed of Trust on February 25, 2013, Nationstar failed to provide the appropriate notice to Plaintiffs by March 27, 2013 as required under this statute. *See* Dkt. 1 Ex. A ¶¶ 162-63. This assignment was not recorded until September 6, 2013. *Id.* ¶ 20; RJN, Dkt. 13 Ex. 4.

Defendants contend that this claim is time-barred. "The statute of limitations for a claim for damages based on a violation of 15 U.S.C. § 1641(g) is one year after the occurrence of the violation." *Kilpatrick v. U.S. Bank, NA*, 2014 WL 1247336, at *3 (S.D. Cal. Mar. 24, 2014) (citing 15 U.S.C. § 1640(e)). "Because 15 U.S.C. § 1641(g) allows a creditor thirty days in which to provide notice to the borrower of a transfer or assignment, the statute of limitations begins to run after those thirty days have expired." *Id.* Accordingly, Defendants contend that Plaintiffs were required to bring this claim by March 27, 2014, which they failed to do.

The Complaint alleges that the statute of limitations should be equitably tolled because Plaintiffs "did not receive a copy of the assignment as required by law, and were not required to check the Recorder[']s Office for such notice." Compl. ¶¶ 176-177. Plaintiffs contend that, because the assignment was not recorded until September 6, 2013, they could not have learned about it prior to this date unless Defendants had provided them with notice.

Equitable tolling applies "in situations where, 'despite all due diligence, [the party invoking equitable tolling] is unable to obtain vital information bearing on the existence of the claim.'" *Socop–Gonzalez v. I.N.S.*, 272 F.3d 1176, 1193 (9th Cir. 2001) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)). "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing until the plaintiff can gather what information he needs." *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000). District courts have discretion "in appropriate circumstances" to toll the one-year TILA limitation period

> until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*King v. State of Cal.,* 784 F.2d 910, 915 (9th Cir.1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

Defendants contend that the November 2013 Notice of Default identifies Nationstar as the creditor. Thus, they were put on notice of the claimed violation of 15 U.S.C.1641(g) and could have brought a timely claim under TILA.

A factual issue is presented regarding when this cause of action accrued. Thus, there are questions as to when Plaintiffs knew, or with the exercise of reasonable diligence, could have known of this claim. Accordingly, the Motion is DENIED as to Plaintiffs' fourth cause of action.

     5.     <u>Claim 5: Declaratory Relief</u>

Plaintiffs allege that "Defendants never had a right to foreclose on the Plaintiffs' Home because Defendants never had the right to collect monies due and owed on the Note." Compl. ¶ 160. Thus, "an actual controversy has arisen and now exists between the Plaintiffs and Defendants ... regarding their respective rights and duties." *Id.* Plaintiffs allege that, because Defendants "failed to perfect any security interest," the power of sale clause in the Deed of Trust "does not apply and subsequently any foreclosure sale is unlawful and void." *Id.* ¶ 161. Plaintiffs seek declaration that "the purported power of sale contained in the Note and Deed of Trust has no force and effect at this time." *Id.* ¶ 163. They also request "that title to their Home remain in their name, with said Deed of Trust remaining in beneficiaries' name, during the pendency of this litigation, and deem that foreclosure sale of the Home is []unlawful and void." *Id.* ¶ 164.

Pursuant to 28 U.S.C. § 2201, "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought," provided there is an "actual controversy" within that court's jurisdiction. 28 U.S.C. § 2201(a). Declaratory relief requires an actual, present controversy, and operates prospectively both to relieve uncertainty and to prevent harm that may occur in the future, not as a vehicle for redress of past wrongs. *Societe de Conditionnement en Aluminum v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981); *Babb v. Super. Ct.*, 3 Cal. 3d 841, 848 (1971) ("[T]he remedy is to be used in the interests of preventive justice, to declare rights rather than execute them."). Further, declaratory relief is unnecessary when the alleged controversy has already ripened into a dispute that can be remedied through other causes of action. *See Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707-08 (N.D. Cal. 2009) (dismissing borrower's declaratory relief claim as duplicative and unnecessary because the claim, which sought a declaration that mortgagors had no right to foreclose, was "entirely commensurate with the relief sought through their other causes of action"); *City of Cotati v. Cashman*, 29 Cal. 4th 69, 80 (2002) ("[T]he requirement that plaintiffs seeking declaratory relief allege 'the existence of an *actual, present controversy*' would be illusory if a plaintiff could meet it simply by pointing to the very lawsuit in which he or she seeks that relief.").

Defendants contend that Plaintiffs' declaratory relief claim overlaps with the other causes of action and seeks the same relief that is requested in connection with those claims. Plaintiffs have not responded to, or otherwise contested this position.

The controversy here has ripened into a dispute. It can be addressed by the substantive causes of action. For this reason, the Motion as to this claim is GRANTED; provided, however, this neither precludes any available remedy sought through a substantive cause of action, nor a later motion to amend to reinstate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
|---|---|---|---|
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

the claim based on changed factual circumstances.

      6.      <u>Claim 6: Cal. Bus. & Prof. Code § 17200</u>

Plaintiffs allege that Defendants "committed acts of unfair competition as defined by Business and Professions Code § 17200" by: (i) failing to notify Plaintiffs within 30 days of the assignment of the Deed of Trust as required by 15 U.S.C. § 1641(g); (ii) "executing and recording false and misleading documents" to "fabricate the missing gaps in the chain of title or to falsely demonstrate compliance with the California Code and Regulations related to non-judicial foreclosure and allow[ing] these documents to be filed, registered, or recorded in California in violation of California Penal Code § 115.5"; (iii) "[a]ccepting and recording a beneficial interest in a debt/mortgage loan Defendants knew or should have known was void due to the illegal nature of the contract that would inevitably cause default before completion of the loan terms"; (iv) attempting to foreclose on the Property "without establishing proper transfer and/or endorsement of the Promissory Note"; and (v) violating "established California public policies to promote and preserve home ownership and to prevent foreclosures" under Cal. Civ. Code ¶ 2924. Compl. ¶¶ 166, 169, 178. Plaintiffs allege that Nationstar "refused to work with Plaintiffs and allow Plaintiffs a good faith review for a loan modification." *Id.* ¶ 179. Plaintiffs also allege that "Defendants failed to contact Plaintiffs in person or via telephone to asses Plaintiffs' financial situation and explore options for Plaintiffs to avoid foreclosure," *id.* ¶ 180, and "failed to satisfy their due diligence requirements in attempting to comply with Civil Code 2923.5 and contact the Plaintiffs prior to recording the Notice of Default, in order to explore foreclosure avoidance alternative," *id.* ¶ 182.

Plaintiffs allege that based on these acts, "Plaintiffs have lost money in the form of paying an entity which has no right to collect monies on a contract, therefore they were not even satisfying their obligations under the Note through payment to Defendants." *Id.* ¶ 184. "Further, Plaintiffs have suffered in the form of ruination of their credit as well as all equity in the Home." *Id.* ¶ 185.

Section 17200 is intended to protect consumers and competitors by "promoting fair competition in commercial markets for goods and services." *Duste v. Chevron Products Co.*, 738 F. Supp. 2d 1027, 1047 (N.D. Cal. 2010). The scope of this statute is broad; it defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice." *Cel-Tech Commc'ns, Inc v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). A plaintiff who brings a claim alleging unfair business practices under §17200 must state "with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). In addition, a plaintiff must have "suffered injury in fact and has lost money or property as a result of" the alleged unfair competition to have standing to a claim under § 17200. *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 852 (2008) (quoting Cal. Bus. & Prof. Code § 17204). An injury in fact is shown when a person: (i) expended money because of the defendant's acts of unfair competition; (ii) lost money or property; or (iii) was denied money or property to which the person had a cognizable claim. *Marilao v. McDonald's Corp.*, 632 F. Supp. 2d 1008, 1012 (S.D. Cal. 2009).

Defendants argue that Plaintiffs lack standing because they have failed to allege that they lost money or property as a result of any acts of unfair competition by Defendants. Defendants also contend that Plaintiffs' allegations lack specificity as to any such claimed acts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV14-01940 JAK (KKx) | Date | December 22, 2014 |
| Title | Donnell Leffridge, Jr., et al. v. Nationstar Mortgage, LLC, et al. | | |

The allegations in the complaint are not sufficient to establish Plaintiffs' standing to assert a §17200 claim against Defendants. The complaint does not allege that Plaintiffs have lost money or property other than through payments and a process that were anticipated when they entered the Note and Deed of Trust. The Property has not yet been sold in a trustee's sale. Furthermore, for the reasons stated earlier, the Note and Deed of Trust were validly assigned to Nationstar. Accordingly, there was no impropriety if Plaintiffs made payments for the benefit of Nationstar. In addition, Plaintiffs fail to plead that they have made any actual payments to the wrong person. Nor do Plaintiffs plead any facts regarding any other alleged unfair acts by Defendants.

Therefore, the Motion is GRANTED as to Plaintiffs' sixth cause of action, with leave to amend in a manner that it consistent with the terms of this Order.

### IV. Conclusion

For the reasons stated in this Order, the Motion is **GRANTED IN PART** and **DENIED IN PART**. Any amended complaint shall be filed within 14 days of the entry of this Order.


**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | ak |